Requestor: Norman N. James, Esq., Deputy Town Attorney Town of Ramapo 237 Route 59 Suffern, New York 10901
Written by: Cynthia F. Kruesi, Assistant Attorney General
You have asked whether a private refuse carter who collects garbage in incorporated villages within the Town of Ramapo and transports it through the town can be regulated by the town.
Initially, we note that a town has broad latitude in enacting regulations to promote community health, safety and welfare and specific authority to license or otherwise regulate garbage collection and other businesses (see Town Law, §§ 130[15], 136[8]; Municipal Home Rule Law, §10[1][ii][a][12]). This police power encompasses the right to impose reasonable terms and conditions on permits, as well as fines and license revocation for violations (see Town Law, §§ 130, 135, 137; Montgomeryv Daniels, 38 N.Y.2d 41, 54 [1975]). This power is operative only in the portion of the town outside any village therein, unless otherwise provided by statute (see Municipal Home Rule Law, §§ 10[1][ii][a][12], 11[3]; Town Law, § 132).
Thus, town regulation of carters is authorized, but only when applied to activities in the area of the town outside the village. For example, provisions requiring carters to cover trucks or to maintain trucks in a clean and sanitary condition seem to serve the public purpose of avoiding litter and stench on town streets. Town code provisions, however, cannot be applied to carter activities within the village, an area beyond the operative reach of town laws (see Town Law, § 132).
In determining whether a local regulation is "unduly burdensome" on interstate commerce, the Supreme Court has set forth a test which requires comparison of the competing interests of the local regulation and unrestricted interstate commerce:
 "If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will of course depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities. . . ." (Pike v Bruce Church, Inc., 397 U.S. 137, 142 [1970]).
In general, the Court has been reluctant to strike down local regulations which serve safety and public welfare purposes because of their impact on interstate commerce. "It is difficult at best to say that financial losses should be balanced against the loss of lives and limbs of workers and people using the highway" (Brotherhood of Locomotive Firemen Enginemen v Chicago, Rock Island Pacific Railroad Co., 393 U.S. 129,140 [1968] [state may require minimum crews on freight trains]; Head vNew Mexico Board of Examiners in Optometry, 374 U.S. 424, 428-429
[1963]; Southern Pacific Co. v Arizona, 325 U.S. 761, 782 [1945]; seeProctor and Gamble Co. v Chicago, 509 F.2d 69 [7th Cir, 1975] [city may ban use of phosphate detergents]; American Can Co. v Oregon LiquorControl Commission, 517 P.2d 691 (ore, [1973] [Oregon "Bottle Bill" which, inter alia, banned pull-top cans]).
In Minnesota v Clover Leaf Creamery Co. (449 U.S. 456 [1981]), the Supreme Court addressed the Commerce Clause implications of a Minnesota law which banned the use of plastic jug milk containers.
 "The legislature finds that the use of nonreturnable, nonrefillable containers for the packaging of milk and other milk products presents a solid waste management problem for the state, promotes energy waste, and depletes natural resources" (Minn Stat § 116F.21 [1978]; see 449 US at 458-459).
The law was challenged as unconstitutional on the ground, inter alia,
that it placed an undue burden on interstate commerce. After finding that the comparative test of Pike was applicable, the Court found that the Minnesota statute did, in fact, regulate evenhandedly, and was not a disguised form of state protectionism (Clover Leaf Creamery Co.,449 US at 471-472). The Court then found that the incidental burden imposed on interstate commerce by the regulation was not clearly excessive in relation to the putative local benefits (Clover Leaf Creamery Co.,449 US at 472-473).
It is necessary that you apply these standards to the proposed local regulations to determine whether they pose an undue burden on interstate commerce.
We conclude that a town can regulate refuse carters merely using town roads if such regulations reasonably relate to carter activity in the town.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.